IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02162-PAB

JESUS DANIEL PAREDES FLORES,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Acting Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jesus Daniel Paredes Flores's *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 9. Respondents filed a response. Docket No. 17.

The Court must construe the amended application liberally because petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I. BACKGROUND[1]

Petitioner is a citizen of Venezuela.  Docket No. 9 at 4.  Petitioner entered the United States on October 24, 2023, seeking protection from persecution in his home country.  *Id.* at 6.  "Upon entry, [p]etitioner was not admitted or paroled into the United States."  *Id.*  On October 25, 2023, the Department of Homeland Security ("DHS") issued petitioner a Notice to Appear, placing him in removal proceedings.  *Id.* at 7.  The same day, he was released from custody under an Order of Release on Recognizance.  *Id.*  He complied with all immigration requirements and court procedures.  *Id.*  On January 4, 2024, he filed his Application for Asylum, Withholding of Removal and Protection under the Convention Against Torture.  *Id.*  He obtained employment authorization, a Social Security number, a driver's license, and he has maintained lawful employment with no criminal history.  *Id.*  It is unclear when he was arrested by ICE; in his amended application he provides two dates: December 19, 2025, *see id.* at 7, and November 22, 2025.  *See id.* at 4.  On May 28, 2026, the Immigration Judge granted DHS's motion to pretermit and ordered Petitioner's removal to a third country.  *Id.* at 11.  Petitioner timely appealed, and the appeal is pending as of June 4, 2026.  *Id.*

On May 14, 2026, petitioner filed *pro se* a petition for writ of habeas corpus and emergency motions for relief.  Docket No. 1.  The court ordered petitioner to cure

---

[1] The following facts are taken from petitioner's amended application.  Docket No. 9.  Respondents have not disputed any facts fand do not provide any facts of their own.  *See generally* Docket No. 17.

certain designated deficiencies in his petition and to address the filing fee.  Docket

No. 6.  In response, petitioner filed an amended application for writ of habeas corpus

pursuant to 28 U.S.C. § 2241, Docket No. 9, and paid the filing fee.  Docket No. 11.

Liberally construing the amended application, petitioner alleges that his

continued detention violates the Immigration and Nationality Act ("INA") and his due

process rights.  He seeks immediate release from custody or release on a low parole

bond or reasonable conditions of supervision.

The respondents were ordered to show cause why the amended habeas

application should not be granted.  Docket No. 14.  They filed a response on July 1,

2026.  Docket No. 17.  In the response, they state:

> Respondents are not submitting a brief in opposition to the Petition detailing
> the facts and circumstances of this case. Respondents recognize that the
> Court may then decide to grant the Petition and award appropriate relief.
> Respondents submit that if the Court does grant the Petition, the
> appropriate relief would be an Order directing that Respondents, within
> seven days of this Court's Order, provide Petitioner with a bond hearing
> under 8 U.S.C. § 1226(a), or else release Petitioner.  *See Santillan Quiroz
> v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30,
> 2026) (remanding and directing that "the district court shall order the
> Government to, within seven days of such order, either provide [the
> petitioner] with a bond hearing or else release him.").

Docket No. 17 at 1-2.

## II.  ANALYSIS

According to the facts presented by petitioner, his order of removal is not

administratively final because an appeal is currently pending.  *See* Docket No. 9 at 11.

Respondents do not contest this fact.  Docket No. 17.  Thus, his notice of removal is not

administratively final.  *See* 8 C.F.R. § 1241(a) ("An order of removal made by the

immigration judge at the conclusion of proceedings under section 240 of the Act shall

become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in either 8 U.S.C. §§ 1225 or 1226.  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018).  Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).  Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies."  *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025).  Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending.  8 U.S.C. § 1226(a)(2).  "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

This Court has analyzed on numerous occasions whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings due to their entrance without inspection.  *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 (D. Colo. Feb. 4, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v.*

4

*Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  In each of these cases, the Court determined that the petitioner's detention was governed by § 1226.  *Id.*

Similarly, the Tenth Circuit Court of Appeals has held that, "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border."  *Santillan Quiroz v. Mullin,* --- F.4th ---, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a bond hearing.  *Id.* at *17 n.13.  Thus, the Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."  *Id.* at *17 n.13.

Thus, like the petitioner in *Santillan Quiroz*, the Court concludes that Mr. Paredes Flores's detention properly falls under § 1226(a).  Because there is no evidence that he has been provided a bond hearing, his current detention violates § 1226(a).  Thus, the Court will grant the amended application in part and order respondents to provide petitioner a bond hearing within seven days of the date of this order or else release him.  While petitioner requests that the Court order his immediate release or his immediate release on bond, the Tenth Circuit instructs that the correct remedy is to order respondents to provide a prompt bond hearing or else release the petitioner.

Further, because the Court is granting petitioner relief based on § 1226(a), it will not consider his due process claim at this time.

5

## III. CONCLUSION

Therefore, it is

**ORDERED** that the for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 9] is **GRANTED in part**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order or else release him. It is further

**ORDERED** that within **five days** of petitioner's bond hearing or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released. It is further

**ORDERED** that all pending motions are **denied** as moot.

DATED July 13, 2026.

BY THE COURT:

_____
PHILIP A. BRIMMER
United States District Judge

6