IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02162-PAB

JESUS DANIEL PAREDES FLORES,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Acting Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner's Pro Se Motion for Further Habeas Relief [Docket No. 25]. Respondents filed a response [Docket No. 27].

## I. BACKGROUND[1]

Petitioner is a citizen of Venezuela. Docket No. 9 at 4. Petitioner entered the United States on October 24, 2023, seeking protection from persecution in his home country. *Id.* at 6. "Upon entry, [p]etitioner was not admitted or paroled into the United States." *Id.* On October 25, 2023, the Department of Homeland Security ("DHS")

[1] The following facts are undisputed unless otherwise noted.

issued petitioner a Notice to Appear, placing him in removal proceedings. *Id.* at 7. The same day, he was released from custody under an Order of Release on Recognizance ("OREC"). *Id.* Petitioner complied with all immigration requirements and court procedures. *Id.* On January 4, 2024, petitioner filed an Application for Asylum, Withholding of Removal and Protection under the Convention Against Torture. *Id.* Petitioner obtained employment authorization, a Social Security number, a driver's license, and he has maintained lawful employment with no criminal history. *Id.* It is unclear when petitioner was arrested by ICE; in his amended application he provides two dates: December 19, 2025, *id.* at 7, and November 22, 2025. *Id.* at 4.

On June 18, 2026, petitioner filed a petition for a writ of habeas corpus, bringing a claim that his continued detention violates his Due Process rights. *Id.* at 2-3. Petitioner notes the "procedural irregularities" in his immigration proceedings. *Id.* at 8. Petitioner sought immediate release or, in the alternative, a bond hearing. *Id.* at 4, 9. Respondents filed a response noting that they "are not submitting a brief in opposition to the Petition." Docket No. 17. On July 13, 2026, the Court granted the habeas petition in part and ordered respondents to provide petitioner with a bond hearing. Docket No. 20 at 6. On July 27, 2026, respondents filed a status report indicating that petitioner was given a bond hearing wherein bond was denied due to a finding that petitioner is a flight risk. Docket No. 22 at 2.

On August 20, 2026, petitioner filed a motion for further habeas relief, arguing that he is entitled to release. Docket No. 25. Petitioner reiterates that he was previously released on an OREC. *Id.* at 2, 5. On September 4, 2026, respondents filed

a response, again indicating that they "are not submitting a brief in opposition." Docket No. 27.

## II. ANALYSIS

Because petitioner was not granted release in his bond hearing, the Court finds it appropriate to analyze whether petitioner is entitled to release on his due process claim, brought on the basis that petitioner was previously released on an OREC.

Pursuant to 8 C.F.R. § 241.4(l), a noncitizen's order of release may be revoked upon violation of the conditions of release.[2] *See* 8 C.F.R. § 241.4(l)(1). Alternatively, a noncitizen's order of release may be revoked by the Executive Associate Commissioner:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section. A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner. Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> > (i) The purposes of release have been served;
> >
> > (ii) The alien violates any condition of release;
> >
> > (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
> >
> > (iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

*Id.*, § 241.4(l)(2). "Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an

[2] Petitioner states that he has complied with all conditions of his release, Docket No. 9 at 7, which respondents do not dispute.

opportunity to respond to the reasons for revocation stated in the notification." *Id.*, § 241.4(l)(1); *see Banega v. Warden of Soft Side S. Facility*, 2026 WL 234042, at *3 (M.D. Fla. Jan. 29, 2026) ("Courts routinely interpret section 241.4(l) as requiring an informal interview upon the revocation of release regardless of the reason for the revocation – meaning that the notice and interview requirements stated in § 241.4([l])(1) also apply to revocation under § 241.4([l])(2)") (internal quotation, alteration, and citation omitted) (collecting cases).

There is no evidence that the Executive Associate Commissioner or district director revoked petitioner's OREC. In fact, respondents, by not filing a brief in opposition to the habeas petition, provide no information at all regarding the revocation of petitioner's OREC. *See Kumar v. Mullin*, No. 26-cv-1264-WJM, 2026 WL 1139601, at *3 (D. Colo. Apr. 24, 2026) (finding that respondents violated § 241.4(l) where there was "no indication . . . that the decision to revoke his supervised release was made by the Executive Associate Commissioner or, if appropriate, a district director"). There is no evidence that petitioner was provided notice or a statement of the reasons for the revocation of his OREC. Respondents identify no such reasons for the revocation in their response. *See id.* (finding a violation of § 241.4(l) where "[t]he Government provides no indication that the Notice set forth 'the reasons for revocation of his . . . release or parole'") (quoting 8 C.F.R. § 241.4(l)(1)). And there is no evidence that petitioner was provided an interview to respond to the reasons for revocation. Accordingly, the Court finds that respondents failed to provide petitioner with proper process under § 241.4(l).

Thus, the Court finds that respondents violated petitioner's due process rights when they revoked petitioner's OREC without following federal regulations. "[C]ourts across the country routinely hold that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release." *Izquierdo Navarro v. Bondi*, No. 25-cv-04210-NYW, 2026 WL 468582, at *3 (D. Colo. Feb. 18, 2026) (footnote omitted) (granting a petition for writ of habeas corpus and ordering petitioner's release where respondents failed to comply with 8 C.F.R. § 241.4(l)); *Kumar*, 2026 WL 1139601, at *5 (finding that respondents violated § 241.4(l) and ordering petitioner's release "subject only to the conditions of his pre-existing OSUP" and that "[n]o additional conditions of release shall be imposed on [petitioner] by Respondents").

## III. CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Pro Se Motion for Further Habeas Relief [Docket No. 25] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED September 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge